UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARLENE R. SEYMOUR and THEODORE SEYMOUR II, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:11-cv-00134-TWP-DML ) |
| ALSCO, INC. EMPLOYEE MEDICAL BENEFITS PLAN, | ) ) ) |
| Defendant. | ) |

## Order on Motion for Leave to File Second Amended Complaint

This matter is before the court on the motion (Dkt. 24) by plaintiffs Darlene Seymour and Theodore Seymour for leave to file a second amended complaint. The proposed complaint seeks to add a defendant, Teamsters Local 135 Health Benefits, and assert claims against it arising out of the circumstances surrounding the denial of medical benefits at issue in this lawsuit.

The current complaint alleges that Alsco, Inc. Employee Medical Benefits Plan wrongfully denied payment of medical plan benefits for medical services to Mrs. Seymour in March 2010. At the time, Mr. Seymour had just changed positions within his employer's organization and, according to the proposed complaint, the change in positions effected a change in health plans, from Teamsters Local 135 Health Benefits to the Alsco, Inc. Employee Medical Benefits Plan. The proposed complaint alleges that one (or both) of the Teamsters plan and Alsco plan is liable for the benefits because the medical services occurred while the Seymours were either covered, or were led to believe they were covered, under the Teamsters plan, which had pre-authorized the services, or the Alsco plan, under which coverage was retroactive to the time the subject medical services were provided.

Defendant Alsco, Inc. Employee Medical Benefits Plan opposes the Seymours' motion on futility grounds. It maintains that, for several reasons, the proposed claims against the Teamsters plan cannot survive a motion to dismiss. *See London v. RBS Citizens, N.A.,* 600 F.3d 742, 747 n.5 (7th Cir. 2010) (amendment is futile if it cannot survive motion to dismiss). The merits of those arguments are more appropriately addressed on a fuller record and in the context of a motion to dismiss or for summary judgment by the Teamsters plan, and not Alsco. *See Joseph v. Elan Motorsports Technologies Racing Corp.,* 638 F.3d 555, 558-59 (7th Cir. 2011) (in some circumstances it is preferable for court to grant leave to amend and then separately address whether claims can survive judgment).

The court GRANTS the Seymours' motion (Dkt. 24) for leave to file their second amended complaint. The second amended complaint (at Dkt. 24-2) is deemed filed and served on defendant Alsco, Inc. Employee Medical Benefits Plan as of the date of this order. The Seymours immediately shall effect service of the complaint and summons on defendant Teamsters Local 135 Health Benefits.

So ORDERED.

Date: 07/18/2011

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sara Elizabeth Hutchins
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
sara.hutchins@ogletreedeakins.com

Darlene R. Seymour
dseymour@ce-ip.com